# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LARA and all | § | |
| others similarly situated under | | |
| 29 U.S.C. 216(b) | § | |
| Plaintiffs, | | Cause No. _____ |
| | § | |
| v. | | |
| | § | |
| PCM Construction Services, LLC, | | |
| Dawnna L. Hogan-Guerra, and | § | |
| Miguel Guerra | | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dallas County, Texas at the time that this dispute arose.

3. The Defendant PCM Construction Services, LLC is a foreign limited liability company that regularly transacts business within Dallas County.

4. Upon information and belief, the Defendant Corporation was the FLSA employer for the Plaintiff's respective period of employment from approximately December, 2010 until June, 2011 ("the relevant time period").

5. On information and belief, the individual Defendant, Dawnna L Hogan-Guerra is an owner and/or member of the entity Defendant and ran significant day-to-day operations of Defendants' business for the relevant time period as well as being responsible for paying Plaintiff's wages, developing and implementing company policies vis-à-vis the

Defendants' business and its employees for the relevant time period and is therefore an employer as defined by the Fair Labor Standards Act pursuant to 29 U.S.C. 203(d).

6. Additionally, on information and belief, the individual Defendant, Miguel Guerra is an owner and/or member of the entity Defendant who ran significant day-to-day operations of Defendants' business for the relevant time period as well as being responsible for paying Plaintiff's wages, developing and implementing company policies vis-à-vis the Defendants' business and its employees for the relevant time period and is therefore an employer as defined by the Fair Labor Standards Act pursuant to 29 U.S.C. 203(d).

7. The acts and/or omissions giving rise to this dispute took place in Dallas County.

## FEDERAL STATUTORY VIOLATION
## (OVERTIME WAGE VIOLATION)

8. This action arises under the laws of the United States.

9. This case is brought as a collective action under 29 USC 216(b).

10. It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

11. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

12. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

13. Plaintiff was employed by the Defendants as a driver.

14. Plaintiff, worked for Defendants between the approximate dates of December, 2010 until June, 2011.

15. Defendant's business activities involve those to which the Fair Labor Standards Act applies.

16. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used or handled on a constant and continual basis and that were supplied to Plaintiff by the Defendant to use on the job moved through interstate commerce prior to and subsequent to Plaintiff's use of the same.

17. The Plaintiff's work for the Defendants was thus actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

18. Upon information and belief, the Defendants gross sales or business done exceeded $500,000 annually for the years 2008, 2009, 2010, and 2011 and Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, thus making Defendants business an enterprise covered under the Fair Labor Standards Act.

19. Plaintiff worked an average of 70 hours per week and was paid an hourly rate of $7.22 per hour for each hour worked, but was never paid overtime wages for any hours worked in excess of 40 hours weekly, as required by the Fair Labor Standards Act and Plaintiff therefore claims the half-time-rate for each hour worked above 40 in a workweek.

20. Moreover, Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants, knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendants or, as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully submitted,

/s/  J.H. Zidell
J.H. Zidell
Texas Bar No. 24071840
Christopher Robert Hutson
Texas Bar No. 24012877
J.H. Zidell, P.C.
Attorney for Plaintiff
6310 LBJ Freeway, Suite 112
Dallas, Texas 75240
Tel: (972) 233-2264
Fax: (972) 386-7610